UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHANIE E. SMITH,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No. 2:14-cv-01767-RFB-PAL<br><br>ORDER<br><br>(IFP App – Dkt. #1) |

　　　　Plaintiff Stephanie E. Smith has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a Complaint (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.　*In Forma Pauperis* Application**

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.　Screening the Complaint**

　　　　Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.§ 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether a plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA") denying Plaintiff benefits under Titles II and XVI of the Social Security Act. Before Plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g). *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R. §§ 404, 416. Plaintiff alleges that on September 12, 2014, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. Thus, it appears Plaintiff has exhausted her administrative remedies.

Once Plaintiff has exhausted his administrative remedies, he or she can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of

1   a final decision. *Id.* An action for judicial review of a determination by the SSA must be
2   brought in a District Court of the United States for the judicial district in which the Plaintiff
3   resides. *Id.* The complaint should state the nature of Plaintiff's disability, when Plaintiff claims
4   he became disabled, and when and how he exhausted his administrative remedies. It should also
5   contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement
6   with the determination made by the Social Security Administration and show that Plaintiff is
7   entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff
8   has exhausted his administrative remedies and timely filed a civil action. However, judicial
9   review of the Commissioner's decision to deny benefits is limited to determining: (a) whether
10  there is substantial evidence in the record as a whole to support the findings of the
11  Commissioner; and (b) whether the correct legal standards were applied. *Morgan v.*
12  *Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

13  Plaintiff's Complaint seeks judicial review of the Commissioner's decision denying
14  Plaintiff benefits and requests the court reverse that decision, or alternatively, remand this matter
15  for a new hearing. Plaintiff contends there is not substantial medical or vocational evidence in
16  the record to support: (a) the legal conclusion he is not disabled within the meaning of the Social
17  Security Act; or (b) the Commissioner's finding that Plaintiff could perform substantial gainful
18  activity. She asserts that the record supports a finding that Plaintiff is disabled and has been
19  continuously disabled at all relevant times. Finally, Plaintiff alleges new evidence exists that
20  warrants a remand of this matter for further proceedings. Accordingly, Plaintiff has stated a
21  claim for initial screening purposes under 28 U.S.C. § 1915.

22  Based on the foregoing,

24  **IT IS ORDERED** that:
25  1.  Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not
26      be required to pay the filing fee of four hundred dollars.
27  2.  Plaintiff is permitted to maintain this action to conclusion without the necessity of
28      prepayment of any additional fees or costs or the giving of a security therefor.

1       This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

4. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

5. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

6. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 29th day of December, 2014.

                                                    PEGGY A. LEEN  
                                                    UNITED STATES MAGISTRATE JUDGE